```
                                                          FILED
                                                 UNITED STATES DISTRICT COURT
        IN THE UNITED STATES DISTRICT COURT       DENVER, COLORADO
            FOR THE DISTRICT OF COLORADO
                                                        MAY 29 2007

                                                     GREGORY C. LANGHAM
                                                              CLERK
```

Civil Action No. 07-cv-01084-BNB

EMMANUEL OKEOGHENE EVI-PARKER,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO SHOW CAUSE

Applicant, Emmanuel Okeoghene Evi-Parker, has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Evi-Parker is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Evi-Parker will be ordered to show cause why the habeas corpus application should not be denied.

Mr. Evi-Parker is challenging the validity of his conviction pursuant to a guilty plea in the Denver District Court. He alleges that he was sentenced on April 24, 2007, to two years of probation. Mr. Evi-Parker asserts that he has not filed a direct appeal or any postconviction motions challenging his conviction in the state courts.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Even if state remedies properly have been exhausted as to one or more of the claims presented, the habeas corpus application is subject to dismissal as a mixed petition unless all of the claims properly have been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). Finally, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As noted above, Mr. Evi-Parker alleges that he has not filed a direct appeal or any postconviction motions in the state courts. Therefore, he will be ordered to show cause why the application should not be denied for failure to exhaust state remedies. Accordingly, it is

ORDERED that Mr. Evi-Parker show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application should not be denied for the reasons stated in this order. It is

FURTHER ORDERED that if Mr. Evi-Parker fails to show cause to the court's satisfaction within the time allowed, the habeas corpus application will be denied and the action will be dismissed without further notice.

DATED May 29, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01084-BNB

Emmanuel O. Evi-Parker
#K-1093
ICE Detention Facility
11901 E. 30th Ave.
Aurora, CO 80010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5/29/07

                        GREGORY C. LANGHAM, CLERK

                        By: _____
                              Deputy Clerk